RECEIVED
NOV 12 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| CHARLES ALFRED (#14314-035) | DOCKET NO. 14-CV-2714; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Charles Alfred filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on September 11, 2014. [Doc. #1,4] Petitioner is a prisoner in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the BOP, and seeks credit against his federal sentence for the time he participated in a "Day Reporting Intensive Outpatient Program" in Lafayette, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Petitioner was arrested by State of Louisiana law enforcement officials on May 6, 2004, on charges of possession with intent to distribute cocaine and possession of marijuana, in the Fifteenth Judicial District Court, and bonded on May 7, 2004. [Doc. #1,4] He was arrested on November 2, 2005, and released on November 3, 2005. He was arrested on March 10, 2006, and released on March 9, 2008. [Doc. #1,4] He was arrested by the United States Marshals Service

on April 8, 2009, pursuant to an indictment, and he bonded the same day. While out on bond, on January 25, 2010, Petitioner was again arrested by the State of Louisiana law enforcement officials for outstanding warrants and traffic violations. He bonded out on January 26, 2010. [U.S. v. Alfred, 09-cr-64(4), W.D.La.] He was arrested again on October 29, 2010, and bonded on October 30, 2010. [Doc. #1, 4] He was arrested on November 4, 3010, and released on November 5, 2010. He was arrested on December 1, 2010, and released on December 16, 2010. [Doc. #1, 4] On March 15, 2012, petitioner was sentenced in this District Court's Lafayette Division to a term of sixty (60) months of imprisonment for Distribution of Cocaine. He was ordered to voluntarily surrender to the Bureau of Prisons on May 8, 2012. [U.S. v. Alfred, 09-cr-64(4)]

Petitioner alleges that, in 2006, he entered a guilty plea in the Fifteenth Judicial District Court to one count of Possession with Intent to Distribute Cocaine (the marijuana charge was dismissed). [Doc. #1] Plaintiff states that he was "ordered to serve two (2) years parish jail time, to be served in the Lafayette Parish Sheriff's Day Reporting Program," which he completed in 2008. [Doc. #1, p.22] Petitioner further alleges that, when he was sentenced in this district court, the district judge ordered that he receive credit for all time served in jail. He argues that the judge intended for Petitioner to receive credit against his

2

federal sentence for the two years of day reporting.

The federal judgment states that Petitioner was to be given "[c]redit for all time served in jail." [U.S. v. Alfred, 09-cr-64(4)] The transcript provides that the judge stated that Petitioner should get credit for "...any time that Mr. Alfred has spent in jail because of this arrest, or even the arrest before...." [U.S. v. Alfred, 09-cr-64(4)]

### Law and Analysis

Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences, and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides, in relevant part, as follows:

> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment *for any time he has spent in official detention* prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

Petitioner claims that he is entitled to pre-sentence credit from 2006-2008, the time in which he participated in a day

3

reporting program.  Petitioner is not entitled to such credit.

First, the statute only provides for credit for time spent *in official detention* prior to the commencement of the sentence. Petitioner was not in jail, or in official detention, for the two-year period in which he participated in the "day reporting treatment program." He was allowed to participate in that program in lieu of being held in official detention.  See eg., Reno v. Koray, 515 U.S. 50 (1995)(The time respondent spent at the treatment center was not "official detention" within the meaning of §3585(b)).

Next, even if Petitioner's two years of day reporting did constitute "official detention," he would still not be entitled to credit for that time because it was credited toward the state court sentence.  The statute only allows credit for time that has not been credited toward another sentence.

Finally, the United States Supreme Court held that 18 U.S.C. §3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing.  Such credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing.  See United States v. Wilson, 503 U.S. 329 (1992).  Thus, it is the job of the Bureau of Prisons, and not the District Court, to determine the amount of credit, if any, to be awarded.  Regardless, the judge ordered credit for time served *"in jail."* [6:09-cr-64(04); Doc. #454]  As discussed above,

Petitioner was not in jail when he participated in the day reporting program.

### Conclusion

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of ~~October~~ November, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE